IN THE NORTHERN DISTRICT COURT OF WEST VIRGINIA

ELECTRONICALLY FILED
Jul 18 2023
U.S. DISTRICT COURT
Northern District of WV

**JOHN SIGLEY,**

    **Plaintiff,**   CIVIL ACTION NO.: 1:23-CV-58 (Kleeh)

v.

**FIT FOR WORK, LLC
and MICHAEL HAMBEL,**

    **Defendants.**

## COMPLAINT

This is a diversity action to make whole and compensate the Plaintiff, John Sigley, for harm resulting from the Defendants' improper, unlawful, and unauthorized access and dissemination of his confidential records under West Virginia law. Mr. Sigley's former employer, ND Paper, LLC ["ND Paper"] sought his confidential information obtained from Defendant Fit for Work, LLC during Mr. Sigley's post-offer employment examination. Defendant Michael Hambel, in the course of his employment for Fit for Work, LLC, immediately divulged the private, information Mr. Sigley provided during his post-offer employment exam to Mr. Sigley's previous employer. As a result of the Defendants' actions, ND Paper fired Mr. Sigley. Mr. Sigley seeks compensatory and punitive damages from Defendants arising from their reckless failure to maintain the confidentiality of his private information.

## PARTIES

1. Plaintiff, John Sigley, is and was, at all times alleged herein, a citizen and resident of Marion County, West Virginia.

2. At all times mentioned, Defendant, Fit for Work, LLC, was a foreign company incorporated in Delaware doing business in West Virginia as Industrial Therapy Solutions. Defendant Fit for Work maintains its principal place of business in Texas.

3. At all times mentioned, Defendant, Michael Hambel, was employed by Fit for Work or Industrial Therapy Solutions doing business as Fit for Work, and his actions as alleged occurred in the scope of and course of his employment.

4. At all times alleged, Defendant Fit for Work acted by and through its agents, employees, supervisors, directors, members, officers, and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under Article III, Section 2 of the United States Constitution and 28 U.S.C. §1332 (diversity jurisdiction).

6. Venue is appropriate in this case under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Marion County, West Virginia which is in the Northern District of West Virginia.

## FACTS

7. In August of 2021, Mr. Sigley applied for employment with ND Paper.

8. At the time of his application, Mr. Sigley had a longstanding back injury and a history of medical care and treatment for the same.

9. On August 26, 2021, ND Paper offered Mr. Sigley employment conditioned on his passing a post-offer physical examination.

10. Mr. Sigley accepted ND Paper's offer of employment.

11. On August 31, 2021, ND Paper scheduled Mr. Sigley to undergo a physical examination on September 8, 2021 administered by Industrial Therapy Solutions, which now does business as Defendant Fit for Work.

12. On September 8, 2021, Mr. Sigley completed a medical questionnaire and underwent his post-offer employment examination administered by Defendant Fit for Work doing business as Industrial Therapy Solutions.

13. Mr. Sigley passed his post-offer physical.

14. After Mr. Sigley passed his physical, ND Paper hired him.

15. At all times, Defendant Fit for Work was in possession of the information pertaining to the post-offer physical of Mr. Sigley.

16. At no time was ND Paper in possession of Mr. Sigley's confidential, medical records or other information obtained by Defendants.

17. On October 29, 2021, Mr. Sigley informed ND Paper that he had a history of back injuries.

18. On October 29, 2021, Ms. Joyce Hardway of ND Paper contacted Defendant Michael Hambel and asked if Defendant Fit For Work's post-offer examination of Mr. Sigley would "catch" his history of back injuries.

19. Later that day, Defendant Hambel unlawfully disclosed Mr. Sigley's confidential, medical information to Mr. Sigley's previous employer.

20. By and through the actions of Defendant Hambel, Defendant Fit for Work unlawfully divulged Mr. Sigley's confidential information to ND Paper.

21. On or about December 19, 2022, Mr. Sigley learned that Defendants had improperly divulged his confidential information to ND Paper.

22. Since Mr. Sigley's private medical information and records were improperly disseminated by Defendants, he has suffered loss of wages, emotional harm, and inconvenience, and seeks relief as requested in the prayer.

## COUNT I: INVASION OF PRIVACY

23. Plaintiff incorporates the previous paragraphs as if set forth herein.

24. The Defendants, by and through their agents and employees, publicly disclosed Mr. Sigley's private information obtained during his post-offer employment examination.

25. The matter disclosed by Defendants was private and highly sensitive information.

26. The Defendants' disclosure of Mr. Sigley's confidential information is and was highly offensive and objectionable to a reasonable person of reasonable sensibilities because a reasonable person expects his or her confidential information to remain private, and not to be disseminated to third parties without his consent and knowledge. This holds especially true when the information relates to a disability (actual or perceived) of a person who seeks employment.

27. Mr. Sigley's former employer and any additional members of the public, including but not limited to other third parties who have since learned of Mr. Sigley's confidential information, had absolutely no legitimate interest in the matter disclosed, nor can the Defendants suggest that the public or unauthorized third persons would ever have a legitimate interest in obtaining any confidential matter Mr. Sigley provided during his post-offer, medical examination.

28. The Defendants' disclosure of Plaintiff's confidential medical information occurred because of the their deliberate, reckless and willful disregard of their lawful obligations to Plaintiff's civil rights. Plaintiffs request the jury to award punitive damages against Defendants.

## COUNT II: NEGLIGENT TRAINING, SUPERVISION AND RETENTION
### (DEFENDANT FIT FOR WORK)

29. Plaintiff incorporates the previous paragraphs by reference.

30. As an administrator of fitness-for-duty examinations, Defendant Fit for Work owes a legal duty to ensure, protect and maintain the privacy and confidential medical and health care information of all persons whom it serves and examines.

31. At all times mentioned, the Defendant Fit for Work knew or should have known that its employees, including the ones who improperly divulged Mr. Sigley's information, could and unfortunately, would improperly divulge a person's private or medical information in the course of and scope of their employments in the absence of proper security/protection/training measures taken by it.

32. As a provider of fitness-for-duty examinations, Defendant Fit For Work has a duty to train all its employees having access to and/or information about a patient's private or medical information on the protection of patient privacy and confidentiality.

33. Defendant's employees, including Defendant Hambel, who improperly divulged Mr. Sigley's private or medical information, all have a duty to abide, comply with, and enforce Defendant's privacy policies and the West Virginia common law on privacy and non-interference with persons' economic advantage.

34. As a provider of fitness-for-duty examinations, Defendant Fit for Work owed a duty to Plaintiff to ensure that its employees cannot disseminate private or medical information to unauthorized third parties who have no need for such confidential information.

35. Defendant Fit for Work breached its legal duties to ensure and protect the private or confidential medical and health care information of Mr. Sigley, and to provide proper safeguards preventing its employees from divulging Mr. Sigley's private or medical information to unauthorized third persons or companies.

36. Defendant Fit for Work breached its legal duty to train, monitor, and supervise Defendant Hambel or its other employees to preserve and protect Plaintiff Sigley's privacy and medical information.

37. Defendant Fit for Work owes and owed a duty to Plaintiff to supervise all of its employees in the performance of their duties and responsibilities, including, but not limited to, supervision of all its employees having access to patients' private or medical information relating to their fitness-for-duty examinations.

38. As a provider of health care services, Defendant owes and owed a duty to Mr. Sigley, to take, implement and maintain all necessary measures and safeguards for the protection of all its patients' private or confidential information.

39. Defendant Fit for Work knowingly, deliberately, and recklessly allowed Defendant Hambel to divulge Plaintiff's private confidential information to unauthorized third persons without Mr. Sigley's consent or permission.

40. As a direct and proximate result of Defendant Fit for Work's alleged negligence and deliberate disregard of our laws protecting the privacy of Plaintiff's confidential information, the Plaintiff has suffered damages and seeks judgment against the Defendant as requested in the prayer for relief.

**COUNT III: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONS**

41. Plaintiff incorporates the previous paragraphs as if set forth herein.

42. Plaintiff had an interest in continuing his employment with ND Paper.

43. Defendants clearly knew or reasonably should have known of Plaintiff's employment with ND Paper and his economic benefit derived from the same.

44. Defendants intentionally and improperly interfered with Plaintiff's expectancy of income from his earnings or wages from his employment with ND Paper.

45. Defendants' interference caused damages to Plaintiff, for which Plaintiff seeks relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages as set forth below:

On all counts, Plaintiff seeks actual damages for lost wages, fringe benefits, costs of obtaining new employment and other out of pocket expenses in an amount to be determined by a jury;

On all counts, Plaintiff seeks general and compensatory damages for mental anguish, humiliation and embarrassment, and loss of professional reputation suffered by Plaintiff as a direct and/or proximate result of Defendants' conduct;

On all counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendants for their reckless and willful actions; and

Prejudgment and post-judgment interest on all amounts allowed by law;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES**

PLAINTIFF, JOHN SIGLEY,

By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Glazer Saad Anderson L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
hoyt@gsalaw-wv.com